**Richard Lee Terry, by Elaine Jourdan, His Mother and Next Friend, Plaintiff-Appellant, v. Mt. Zion Community Unit School District Number 3 in Macon and Moultrie Counties in Illinois, Defendant-Appellee.**

**Gen. No. 10,352.**

Third District.

May 16, 1961.

Garman, Greanias & Owen, of Decatur, for appellant.

Monroe & McGaughey, of Decatur, for appellee.

ROETH, JUSTICE.

Richard Lee Terry, by his mother and next friend, brought suit in the Circuit Court of Macon County against the Mt. Zion Community Unit School District for personal injuries received during a class at the Mt. Zion High School. The one-count complaint alleges that on March 3, 1959, while the plaintiff was engaged in certain gymnastic activities, he suffered a fall, resulting in serious bodily injuries. Certain allegations are made as to a breach of duty by agents and employees of the defendant in supervision of the gymnastic exercises. The grounds for liability rest solely on these allegations of negligence and must, necessarily, presuppose the existence of tort liability of School Districts.

The defendant moved to dismiss the complaint or, in the alternative, to strike certain portions thereof. The Circuit Court dismissed the complaint and did not rule on the alternative motion. The ground assigned for the allowance of the motion to dismiss was that, as a matter of law, the defendant School District had no tort liability as of the date of the injury.

That action of the Circuit Court was appealed directly to the Supreme Court, assigning the ruling on the motion as error and raising certain constitutional questions with reference to the decision of the Illinois Supreme Court in the case of Molitor v. Kaneland Community Unit School District No. 302, 18 Ill. 2d 11, 163 N.E. 2d 89. The Supreme Court, by appropriate order, transferred the cause to this Court, thereby determining the non-existence of any constitutional questions in this proceeding.

The appeal in this Court, therefore, is, necessarily, only concerned with the action of the Circuit Court in allowing the motion to dismiss the complaint on the basis of the non-existence of tort liability of a School District as of and at the date of the injuries here involved.

In the Molitor case, supra, the Supreme Court reviewed in considerable detail cases relating to the question of tort liability of School Districts, the history and judicial philosophy of those cases. The conclusion of the Court in that case was, of course, that there was no good reason in law to classify governmental functions by municipal corporations, and specifically School Districts, on the basis of proprietary or governmental functions. The Court eliminated as a defense in tort actions against School Districts the defense of sovereign immunity. In so doing, however, the Court indicated its awareness of the fact that its decision was a reversal of considerable precedent and that its decision there announced would, for that reason, be prospective only in its application. The rule there announced was limited to "apply only to cases arising out of future occurrences". The final opinion of the Supreme Court in the Molitor case was announced in a modified opinion, on re-hearing, on December 16, 1959. The injury here complained of was March 3, 1959. In this case, as in the case of List v. O'Connor, 19 Ill. 2d 337, 167 N.E. 2d 188, the injury was prior to the decision in the Molitor case and prior to the enactment of statutory provisions either restoring the doctrine of sovereign immunity or limiting recovery to certain specified amounts. It seems obvious that, in this case, as the Court said in the course of its opinion in the List case, "The abolition of the concept of governmental immunity found in the Molitor case, therefore, can have no application to the instant proceeding".

309

Inasmuch as the only error properly before this Court for review is the correctness of the trial Court ruling on the dismissal as above outlined, there was not as of the date of the injuries here involved any tort liability of the defendant School District for the injuries complained of. The trial Court properly allowed the motion to dismiss the complaint for that reason, and the action of the trial Court is affirmed.

Affirmed.

CARROLL, P. J. and REYNOLDS, J., concur.