(No. 35395.—

CHARLES H. LIST, Admr., Appellant, *vs.* DAN O'CONNOR et al.—(EARL F. ELLIOTT et al., Appellees.)

*Opinion filed May 18, 1960.*

SMITH & SYPE, of Rockford, (FREDRICK F. KALIVODA, of counsel,) for appellant.

STANLEY H. GUYER, and EDWARD J. ENICHEN, both of Rockford, of appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff, as administrator of the estate of Barbara List, deceased, commenced this action in the circuit court of Winnebago County to recover damages for the wrongful death of Barbara List. The complaint as amended charged the defendant, Rockford Park District, and Earl F. Elliott, superintendent of parks and recreation of the defendant park district, as its agent and servant, with negligence and willful and wanton misconduct in giving permission to a motorcycle club to hold motorcycle races on the ice on Levings Lake in Levings Park. The park had been developed by, and was owned by, the defendant park district.

In the afternoon of December 30, 1956, a driver in one of the motorcycle races fell off the vehicle. The riderless motorcycle continued out of control for several hundred feet to an area where children and adults were ice skating. The motorcycle struck the decedent causing severe injuries of which she died on January 5, 1957.

The complaint alleges that there were no safety devices on the motorcycles to stop riderless vehicles, that there were no barricades surrounding the motorcycle race course, and that there were no signs warning the skaters of the races and the dangers thereof, nor were there guards or custodians.

On motion of the defendants the circuit court dismissed all counts of the amended complaint as the same related to the defendant park district and the defendant Elliott. On appeal to the Appellate Court, Second District, this action of the trial court was affirmed.

The Appellate Court granted a certificate of importance and, in certifying the case to this court, sought a determination here of the question of the tort liability of the defendant park district as a municipal corporation and its agents for negligence. The certification of the Appellate Court further presents the question of the application of the doctrine announced in the case of *Molitor* v. *Kaneland Community Unit Dist.* 18 Ill.2d 11, to the instant proceedings.

The Appellate Court, in the course of its opinion, which is reported in 21 Ill. App. 2d 399, examined the question of tort liability of park districts and determined that the maintenance and operation of parks by a municipal corporation was a governmental function undertaken by the municipal corporation for the benefit of the public and, as such, was, under the case decisions of this State, immune from tort liability. The Appellate Court's reasoning was based upon the decision of this court in *Gebhardt* v. *Village of LaGrange Park,* 354 Ill. 234, and the cases therein cited, and upon Appellate Court cases that were determined in accordance with the immunity from tort liability decisions for municipal corporations, their agents and employees, when engaged in a governmental as distinguished from a proprietary function.

It is unnecessary here to re-examine the cases and decisions referred to in the Appellate Court opinion, for that court, in its carefully reasoned opinion, determined the issues here presented on the basis of prior precedent, the repetition of which here would serve no useful purpose.

Plaintiff in this appeal takes the position that the decision of this court in the *Molitor* v. *Kaneland Community Unit Dist. case* is determinative of the issues here and that

the decision of this court in that case abolished the doctrine of governmental immunity for tort liability and that under the decision in that case the plaintiff here is entitled to recover. The *Molitor* decision expressly overruled all prior decisions relating to immunity from tort liability of school districts without reference to how the school districts were organized. Likewise, the decision in the *Molitor case,* in discussing the doctrine of sovereign immunity, dismisses as immaterial any distinction between governmental or proprietary functions, observing that efforts to classify municipal functions have resulted in incongruities and that attempts to fit particular conduct into one or the other of these categories have met with frequent adverse comments.

It seems clear under the *Molitor case* that the doctrine of sovereign immunity has been eliminated as a defense for municipal corporations in tort actions and the decision of that case relating to a school district would, obviously, have equal application to park districts. Indeed, even a stronger case can be made with reference to park districts because of the circumstances surrounding their formation and because of the voluntary nature of their functions.

Although the plaintiff's contention here is correct as to the abolition of the doctrine in the *Molitor case,* it should be noted that the injuries here complained of were sustained in December of 1956. The *Molitor case* specifically provided, however, that the decision there announced would have prospective application only and the court specifically took note of the fact that retrospective application of its decision would work substantial hardships. Thus the court stated, "the rule herein established shall apply only to cases arising out of future occurrences."

The abolition of the concept of governmental immunity found in the *Molitor case,* therefore, can have no application to the instant proceedings and the decision of the Appellate Court properly interpreted the law of this State as to the injuries herein complained of.

Following the decision of this court in the *Molitor case,* the Seventy-First General Assembly added article 12.1 to the Park District Code (section 12.1—1) and another act "relating to damages recoverable in actions for torts of park districts," (Ill. Rev. Stat. 1959, chap. 105, pars. 12.1—1 and 491,) which said statutes provide that a park district shall not be liable for any injuries to person or property or for the death of any person heretofore or hereafter caused by or resulting from the negligence of its agents, servants or employees in the operation or maintenance of the park or any facility or equipment of the park. The defendants claim that the application of these statutes determines the question here presented for decision; whereas, the plaintiffs contend, for the first time in this court, that the statutory provisions are unconstitutional for various assigned reasons. The legislation reinstating governmental immunity to park districts, enacted after the *Molitor* decision and which became law in July of 1959, has no bearing on the instant proceedings for the reason that under the decisions at the time of the injuries here there was no liability, since the *Molitor case* has prospective application only. The decision of this court in that case has no application to the injuries here and, accordingly, it is unnecessary to consider either the application or the constitutionality of the 1959 legislation.

The action of the trial court in sustaining the motions to dismiss and the affirmance of that action by the Appellate Court for the reasons assigned were correct and the decision of that court is affirmed.

*Judgment affirmed.*