Jerome J. Jansen, Individually and as Administrator of the Estate of Frank A. Jansen, Deceased, Plaintiff-Appellee, v. Illinois Municipal Retirement Fund, and its Board of Trustees, to-wit: Alfred Nystrom, Esther F. Blackburn, John W. Kerkering, Catherine Couturier, Charles E. Hastings, Jack W. Loftus and C. Harris Stevens, Defendants-Appellants.

Gen. No. 10,594.

Fourth District.

April 19, 1965.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, and George J. Lewis, of Quincy, for appellants.

Penick, Wooleyhan & Nielson, of Quincy, for appellee.

TRAPP, J.
The defendants, Illinois Municipal Retirement Fund and its Board of Trustees, appeal from the judgment of the trial court entered following proceedings under the Administrative Review Act.

The City of Quincy became a participant in the Illinois Municipal Retirement Fund effective July 1, 1942. The decedent, Frank A. Jansen, had been an employee of the Water Commission of that City for some years prior to the date of participation and he remained an employee of the City of Quincy, making contributions to the Fund from January 1, 1942 through September 30, 1961, except that for a period of approximately a year he drew a disability benefit from the Fund. On October 10, 1961, Frank A. Jansen, then 62 years of age, filed application for disability benefits with the Fund. It appears that the disability benefit that he would have been entitled to was less than the retirement annuity for which he then qualified. The statute relating to disability benefits then applicable (Ill Rev Stats 1961, c 24, § 1186(a)), provided that a participating employee less than 65 years of age, who had contributed to the Fund during at least one year of service immediately preceding disability, or who had other specified credits, should be entitled to disability benefits, in the language:

"3. Such benefits shall continue during the period of disability until the beginning of the day upon which the first of the following occurs. . . .
(e) Attainment of age sixty-five (65).
(f) The amount of retirement annuity, to which such employee would immediately be entitled from accumulation of normal, municipal and prior service credits, if separated from the service, equals the amount of the disability benefit."

The defendants advised the City of Quincy that under the provisions set out, the disability could not be paid to Frank A. Jansen since the retirement annuity was greater in amount than the disability benefit.

99

Thereafter, on October 18, 1961, Frank A. Jansen applied, in writing, for his retirement annuity and as of the same date the Fund was notified of his termination of employment through retirement. On November 8, 1961, Frank A. Jansen was advised of the amounts payable under his options as to the type of annuity and, on or about November 15, 1961, he advised the Fund of his election to receive a monthly level income annuity. Payment of the retirement annuity began effective October 1, 1961, and continued until his death on June 26, 1962. On August 29, 1962, the plaintiff, who had properly been designated as beneficiary of Frank A. Jansen, made application for death benefits. The Board computed the death benefit upon the basis of the retirement annuity, as provided by statute, and tendered a check to the plaintiff in the sum of $567.22. Plaintiff refused such tender and requested a death benefit upon the basis that Frank A. Jansen was entitled to and should have been receiving disability benefits. Upon this theory, after allowing for benefits received, the amount claimed due was the sum of $4460.26. The defendants refused to pay the death benefit computed as if Frank A. Jansen had been in an employment status on the date of his death and receiving disability benefits. Thereafter, on May 29, 1963, plaintiff, Jerome J. Jansen, individually and as administrator of the Estate of Frank A. Jansen, deceased, brought action for administrative review against the defendants. The circuit court entered judgment for $4460.26.

Plaintiff in his claim relies upon a section of the Illinois Municipal Retirement Fund (Ill Rev Stats 1961, c 24, § 1183) in the following language:

"No provision of this Act shall operate to cause compulsory retirement of any employee, nor to give any employee any specific right to remain

100

in service. Separations and retirements from the service of a municipality or participating instrumentality shall be made in accordance with the currently existing practices of the respective municipalities and participating instrumentalities."

By a letter dated August 20, 1962, the Water Works Commission of the City of Quincy had advised the defendants, amongst other things, that "There is no provision that the employee has to retire at any time."

The substance of plaintiff's argument is that by following the statutory requirements set out, the defendants compelled Frank A. Jansen to retire contrary to the then existing practice, or absence of practice, of the Water Works Commission of the City of Quincy in violation of the quoted sec 1183. Plaintiff further argues that sec 1186 under which the defendants determined that a retirement annuity to Frank A. Jansen was proper under the statute, was repealed effective July 1, 1962, which chanced to be five days after the death of Frank A. Jansen.

■■ In considering plaintiff's theory, it is noted that plaintiff's argument points out that Frank A. Jansen received a somewhat greater sum of money through his retirement annuity than he would have received upon a disability benefit, and this seems to be the clear intent of the statute. Whatever the nature of the disability of Frank A. Jansen, we find upon examination of the act in question that his acceptance of the retirement benefit as administered by the defendant did not commit him irrevocably to retirement. On the contrary, par (d) of sec 1184 of the statute in question, specifically contemplates that one receiving a retirement annuity may again become an employee. His annuity will be suspended during such employment, but upon ceasing to be employed, he may again receive his retirement annuity augmented by service

and credits earned through his later employment. The record discloses that the Water Works Commission was aware of the possibility of future employment by reason of sec 1184, for in its letter dated October 18, 1961, transmitting the application for retirement benefits in behalf of Frank A. Jansen, there is inquiry concerning the nature of future retirement benefits should decedent return to work. The record is not clear whether such inquiry was made in behalf of Frank A. Jansen.

The nature of the act creating the Illinois Municipal Retirement Fund was discussed by the Supreme Court in People ex rel. Schuwerk v. Illinois Municipal Retirement Fund, 6 Ill2d 405, 128 NE2d 923.

In that case the City of Chester passed an ordinance providing for participation in the Fund. Shortly thereafter the City passed an ordinance for withdrawal from participation from the Fund. In holding that the statute in question did not provide or grant authority to the city to withdraw from the Fund, the court said at p 408:

"The Illinois Municipal Retirement Fund Act (Ill Rev Stats 1953, chap 24, par 1175–1201) is a complete statutory enactment providing a system for the payment of annuities and other benefits to certain officers and employees, and to their beneficiaries, of municipal and local governmental units in this State. No part of the Illinois Municipal Retirement Fund therein created is to be supplemented or changed by municipal ordinance."

██ It seems apparent that if a city participating in the Illinois Municipal Retirement Fund has no authority to supplement or change the statutory provisions by ordinance, the City of Quincy in this case cannot effect a change of the provisions of the Act set out in sec 1186(a), par 3, subd f by its custom or

102

practice of having no provision for retirement of the employees.

The nature of the interest of a participating employee is discussed by the Supreme Court in Keegan v. Board of Trustees Of The Illinois Municipal Retirement Fund, 412 Ill 430, 107 NE2d 702. The plaintiff was beneficiary of all death benefits accruing to a participant, Kathryn Keegan, in the Illinois Municipal Retirement Fund. On January 1, 1947, School District 120 became a participating municipality and Kathryn Keegan became a participant in the Fund as of that date. The statute, in effect on that date, provided a death benefit. Subsequently, on July 21, 1947, the statute was amended to provide that if the employee had contributed to the Fund for at least one year, an additional amount was to be computed in the death benefit. Kathryn Keegan died on October 12, 1947, having contributed to the Fund less than one year. By the terms of the statute relating to death benefits at the time Kathryn Keegan became a participant, the sum due as death benefit was $68.21. Computed under the statute as amended, the amount due became $2363.78. The Board of Trustees of the Illinois Municipal Retirement Fund tendered the sum of $68.21 to the beneficiary and such tender was refused. The beneficiary filed her complaint under the Administrative Review Act and the trial court directed the payment of the sum of $2363.78 as death benefit.

The beneficiary relied upon sec 25(b) of the act which provided:

> "Each participating employee shall, by virtue of the payment of any contributions to this fund, receive a vested interest in the annuities and benefits provided in this Act and each such employee in consideration of such vested interest in this fund shall be deemed to have agreed and

authorized the deduction of all contributions payable to this fund in accordance with this Act from the payments of earnings by the employing municipality or instrumentality."

Pointing out that it was settled law in this State that where employees were required to participate in the retirement plan they obtained no vested rights as participants in the statutory pensions, allowances or benefits, the court said that such statutes were based in the sovereign power of the State and were not in the nature of contracts between the participants and the State. The court held that the language of the section referring to a vested interest on the part of the participant was not a contractual interest with the State, and hence, the State, through the Legislature, could make necessary changes and amendments of the act. The court held that by a reasonable interpretation of the said sec 25(b):

". . . a vested right is created in the participant to share in the fund in the manner and on such terms as the legislature may, from time to time, determine best serves the welfare of the participants and the people of the State."

The court then held that since Kathryn Keegan had not contributed to the Fund for the period of one year, the judgment of the trial court should be reversed.

We have noted plaintiff's argument concerning the theory of compulsory retirement of Frank A. Jansen with relation to the effect of the amendment of sec 1186, effective July 1, 1962, by the Legislature. It seems to be plaintiff's view that such amendment was made for the express purpose of avoiding the alleged violation of sec 1183. We note that each of the sections enacted to replace sec 1186, i. e., sec 1186¼, relating to temporary disability, and sec 1186½, relating to

104

total and permanent disability, authorized the payment of disability benefits, provided the employee is less than 65 years of age. It is clearly the intent of the Legislature that an employee of 65 years or over cannot be awarded either temporary or permanent disability benefits. If we assume that the City of Quincy retains its policy of ". . . no provision that the employee is to retire at any time," it might still be argued that the refusal of the defendant to grant either form of disability benefits because the employee was 65 or over, would be in violation of sec 1183, and to such extent the amended statutes would continue to provide compulsory retirement.

Plaintiff argues that the defendants "applied" sec 1186(a)ff to take away the right of Frank A. Jansen to a disability benefit. It is apparent that in determining the payments to be made, the defendants followed the clear language of the statute. There is no provision that we have found authorizing the defendants to exercise discretion to determine to whom sec 1186(a)3f shall apply.

■ ■ Upon plaintiff's theory as to the scope of sec 1183, the provisions of sec 1186(a)3f, and also the provisions of sec 1186¼(b)(1), and sec 1186½ (b)(1), as discussed above, would be meaningless as to the administration of the payments to be made by the defendants. Construing sec 1183 in its entirety and in its relation to sec 1186(a)3f, we must conclude that while the participating municipal entity may regulate separations and retirements for its own local purposes, the language of the statute in effect must control as to the amount and manner of payment which the employee receives from the Fund. Such conclusion is consistent with the long accepted rule of statutory construction that where a statute contains a particular enactment, it is to be held operative as against general provisions on the subject either in the

105

same act, or in the general laws relating thereto. Frank v. Salomon, 376 Ill 439, 34 NE2d 424. This construction permits both sec 1183 and the sections relating to disability benefits as discussed, to have meaning under the language of the statute providing for the Illinois Municipal Retirement Fund.

██ We cannot agree that in enacting sec 1186, and in subsequently enacting secs 1186¼ and 1186½, the Legislature was violating the terms and provisions of its own sec 1183, prohibiting the compulsory retirement of an employee. We conclude that we must follow the opinion of the Supreme Court in People ex rel. Schuwerk v. Illinois Municipal Retirement Fund, 6 Ill2d 405, 128 NE2d 923, that the Illinois Municipal Retirement Fund Act is a complete statutory enactment providing a statement of annuity and other benefits to the employees participating, and that the statutory plan for the fund is not to be changed by the municipal entity which participates.

██ In view of this conclusion that there was no violation of c 24 § 1183 (Ill Rev Stats 1961) upon the part of the defendants, we must hold that the application of Frank A. Jansen for retirement annuity, dated October 18, 1961, together with its accompanying election of annuity option, is binding upon all parties.

The other issues raised in the Briefs and Arguments, as well as the motions taken in this case, are disposed of by this conclusion.

The judgment of the trial court is reversed and this cause remanded to the Circuit Court of Adams County, with directions to enter judgment for the defendants.

SMITH, P. J. and CRAVEN, J., concur.