Cleo Andrews, Administrator of the Estate of Charles
 Herman Andrews, Deceased, Plaintiff-Appellant, v.
 Thomas D. Porter, and City of Chicago, a Municipal
 Corporation, Defendant-Appellee.
Elbert Fox, Plaintiff-Appellant, v. City of Chicago, a Mu-
 nicipal Corporation, Defendant-Appellee, and Patrick
 Price, et al., Defendants.

Gen. Nos. 50,328, 50,329.

First District, Second Division.

May 3, 1966.

Rogers, Strayhorn & Harth, of Chicago (Raymond E. Harth, of counsel), for appellants.

Raymond F. Simon, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Allen Hartman, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

These cases represent consolidated appeals from two judgments on the pleadings in favor of the City of Chicago.

In No. 50328 (Andrews, Administrator v. City of Chicago), Count One of the complaint is against a policeman, Thomas Porter, and alleges, in substance, that on August 1, 1960, defendant negligently shot and killed one Charles Andrews; that decedent was in the exercise of due care and caution; that decedent left surviving him a wife and five minor children, who suffered pecuniary loss as

a result of said wrongful death; and that plaintiff, the widow, is the administratrix of the estate of the deceased.

Count Two is against the City of Chicago and alleges that the defendant policeman was engaged in the business of said city and acting in the course of his employment at the time of the injury. This count incorporates the allegations of Count One and prays for a direct judgment against the city for the negligent acts of its employee.

Count Three alleges that a statute, chap 24, par 1–4–5 of the Illinois Revised Statutes (1963), provides that a city shall indemnify a policeman for any judgment recovered against him by a person injured by said policeman while he is engaged in the performance of his duties, except where the injury results from his wilful misconduct. This count incorporates the allegations of Count One and further alleges that the requisites of the Statute have been met and prays for a declaratory finding to that effect; for a further declaratory finding that defendant City is liable to plaintiff for a sum in the amount of any judgment rendered against the policeman; and for a direct declaratory judgment against the city for the amount of any such judgment.

In No. 50329 (Fox v. City of Chicago), Count One names as defendants three Chicago policemen, and alleges, in substance, that on January 24, 1963, plaintiff was arrested for a traffic violation and tendered bond for his release at the station; that his bond was refused and he was retained in custody on a purported charge of larceny, on the alleged authority of a capias previously issued against one Albert Fox; that plaintiff had never been charged with the offense of larceny and no capias or warrant for any such offense had ever been issued against him; that the capias on which plaintiff was being held was null and void, for the reason that the Albert Fox named therein, on June 19, 1962, several months prior to the arrest of plaintiff, had been sentenced to serve twenty days in the County Jail for the offense

205

referred to in the capias and had in fact served the sentence; that plaintiff informed defendants of the above facts and requested that they verify them; that defendants arbitrarily refused to do so and kept him in custody and produced him in court the following morning; that he appeared in court and apprised the judge of the above facts, whereupon the judge directed the assistant state's attorney to attempt to verify the statements made by plaintiff and that this was done and plaintiff was released from custody. This count prays for general and punitive damages against the policemen.

Count Two, as in No. 50328, names the City as defendant, incorporates the allegations of Count One, and prays for a direct judgment against the City for the negligence of its employees.

Count Three, alleges the same statute raised in Count Three of No. 50328 and prays for the same relief.

In both cases, the City filed Motions to Dismiss, alleging that direct action against the City is barred by chapter 24, par 1-4-5 of the Illinois Revised Statutes (1963). In separate judgments dated October 19, 1964 in No. 50329 (Fox v. City, et al.) and November 18, 1964 in 50348 (Andrews v. City, et al.), the trial court sustained the City's motion and dismissed the actions, as to the City only, on the ground that a municipal corporation cannot be sued directly for the alleged tortious actions of its police officers. The court found no just reason for delaying an appeal. From these judgments plaintiffs appeal.

Plaintiffs' theory of the case is (1) that under the decision of the Illinois Supreme Court in Molitor v. Kaneland Community Unit Dist., 18 Ill2d 11, 163 NE2d 89 (1959), and subsequent decisions, the City of Chicago is liable for the tortious actions of its police officers and may be sued directly for damages resulting therefrom and (2) that the indemnity provision found in Illinois Revised Statute (1963), chapter 24, par 1-4-5, is for the

benefit of policemen against whom judgments may be rendered and does not bar a direct action against the City.

It is the theory of defendant, City of Chicago, (1) that the City's liability for the tortious acts of its policemen is limited by statute to that of indemnitor, (2) that this is the exclusive remedy of the injured person and (3) that no direct action may be initiated against the City without first securing judgment against the policemen.

The indemnity provisions found in par 1–4–5 read in substance as follows:

1–4–5. Indemnification for injuries caused by policemen—Liability for injuries caused while assisting policeman.

In case any injury to the person or property of another is caused by a member of the police department of a municipality having a population of 500,000 or over, while the member is engaged in the performance of his duties as a policeman, and without the contributory negligence of the injured person or the owner of the injured property, or the agent or servant of the injured person or owner, the municipality in whose behalf the member of the municipal police department is performing his duties as policeman shall indemnify the policeman for any judgment recovered against him as the result of such injury, except where the injury results from the wilful misconduct of the policeman. . . .

A brief consideration of the legislative history of par 1–4–5 reveals that the predecessor to said section was enacted in 1943 as par 1–15, Ill Rev Stats (1943), chapter 24, par 1–15. That provision, in effect, removed the defense of governmental immunity from Illinois cities and villages having a population of 500,000 or over and made

said municipalities directly liable for injuries caused by policemen, but limited the actions to injuries resulting from "the negligent operation of a motor vehicle." In 1945 section 1–15 was amended and said municipalities were made liable for all nonwilful torts of policemen in their employ, however, the Legislature removed the provision for direct liability and made said municipalities liable only as indemnitors. Ill Rev Stats (1945), chapter 24, par 1–15. This refinement was continued down to the present statutory successor to par 1–15, which is found in Ill Rev Stats (1965), chapter 24, par 1–4–5.

 At the outset, it is an undisputed principle of law that a plaintiff has a cause of action against a policeman for the tortious conduct of the officer acting in the performance of governmental functions. Erikson v. Fitzgerald, 342 Ill App 223, 96 NE2d 382 (1950). Both of the instant cases present a valid cause of action against the defendant policemen.

We next consider the alleged liability of defendant, City of Chicago, in Count Two of each complaint.

Plaintiffs contend that the decision in Molitor v. Kaneland Community Unit Dist., supra, erased from Illinois law the prior concept of governmental immunity from liability and that this decision can be applied to the tortious acts of a policeman employed by a municipal corporation.

Defendant contends that the governmental liability of a municipal corporation was not erased by the decision of Molitor, but took place in 1943 when the Illinois Legislature passed legislation abolishing a municipal corporation's immunity, but limited liability to its injuries resulting from the negligent operation of a motor vehicle.

We agree with defendant. Shortly thereafter, however, in 1945, an amendment was passed which changed the aforesaid statute into an indemnification provision. From that time on the statute existed primarily for the benefit of policemen against whom a judgment was rendered and

not for the benefit of the person injured. This construction is strengthened when we compare par 1–4–5 with par 1–4–6, which is a similar paragraph applying to cities under 500,000 population. Policemen in those cities must give the municipality written notice within ten days of being served with process and there is the further provision that "the duty of the city to indemnify any such policeman for any judgment recovered against him shall be conditioned upon receiving notice of the filing of any such action in the manner and form hereinabove described." In other words, if a policeman, when sued, fails to give notice, the construction urged by the defendant, (i. e., that the statute is the exclusive remedy against the city for negligent torts of policemen) would result in a complete defeat of the injured person's action against the city.

In further support of plaintiffs' contention the following governmental agencies, in addition to cities and villages, are by statute, specifically authorized to maintain police forces:

| | | |
|---|---|---|
| Chap. 19, | § 182.13 – | Waukegan Port District |
| Chap. 19, | § 287 – | Tri-City Regional Port District |
| Chap. 42, | § 317 – | Sanitary Districts (within Municipalities) |
| Chap. 42, | § 360 – | Chicago Sanitary District |
| Chap. 42, | § 403 – | River Conservancy Districts |
| Chap. 42, | § 438 – | Sanitary Districts (outside municipalities) |
| Chap. 57½, | § 9 – | Forest Preserve Districts |
| Chap. 105, | § 4–7 – | Park Districts |
| Chap. 111⅔, | § 238 – | Water Authorities |
| Chap. 111⅔, | § 327 – | Chicago Transit Authority |
| Chap. 122, | § 435.8(10) – | Southern Illinois University |
| Chap. 122, | § 577.8(10) – | Western Illinois University |
| Chap. 144, | § 28 – | University of Illinois |

In none of the foregoing statutes is there any provision for indemnity. If defendant's contention, that a governmental agency maintaining a police force may not be sued directly due to the tortious conduct of its policemen, was followed, a plaintiff would be foreclosed from recovery against the municipality. We conclude that governmental immunity was abolished in part by statute in 1943, but was reinstated by statute in 1945.

We must now determine if in fact governmental immunity for the aforesaid tortious conduct of a policeman was subsequently abolished by Molitor. There is no precedent in Illinois for the proposition that the decision in Molitor, abolishing governmental immunity, could be applied to the tortious conduct of a police officer. In Peters v. Bellinger, 22 Ill App2d 105, 159 NE2d 528 (1959), however, the court stated at page 107:

> On appeal in this court the basic issue before us is whether a city may be held liable directly for the tortious acts of one of its police officers. This issue, we believe, has been decided by the Supreme Court of Illinois, on May 22, 1959, in the case of Molitor v. Kaneland Community Unit District No. 302, favorably to the plaintiff in this case.

That decision was filed July of 1959. On appeal to the Supreme Court, the Supreme Court reversed the Appellate Court decision, 19 Ill2d 367, 166 NE2d 581 (1960) *but only on the ground that liability pursuant to the Molitor case can be applied only prospectively after December 16, 1959,* and that as the cause of action arose before that date, there cannot be a recovery for those causes of action that arose before December 16, 1959. The court stated at page 369:

> We do not reach the question of applicability of the Molitor holding to this case since the cause of action here arose on July 20, 1956, long before December

210

16, 1959, the effective date of the Molitor opinion, which struck down the doctrine of governmental immunity. Those municipal and quasi-municipal corporations which have enjoyed immunity in the past continue to enjoy it until December 16, 1959. Recovery may be made in causes of action arising thereafter where it is determined that the type of governmental unit involved is no longer entitled to immunity. . . .

■ ■ We hold, therefore, that (1) a common law cause of action may be maintained against a municipal corporation for the tortious conduct of its police officers under the holding of Molitor v. Kaneland Community Unit Dist., supra, and that (2) par 1-4-5 of the Illinois Revised Statutes does not bar such direct action.

■ It may be argued that plaintiff may not allege both common law and statutory causes of action. This would, however, be contrary to the provisions of the Illinois Practice Act, Ill Rev Stats (1965), ch 110, pars 43(1) and 44(1). Furthermore, an examination of par 1-4-5 shows no express limitation that the statutory remedy is to be exclusive. Thus, the statutory provision does not foreclose plaintiff from maintaining a common law cause of action against the municipality arising from the alleged tortious action of one of its police officers. Therefore, the judgments of October 19, 1964 and November 18, 1964, will be reversed and remanded with directions to deny the motions to dismiss Count Two of each complaint as to the City of Chicago.

■ The Local Governmental and Governmental Employees Tort Immunity Act, Ill Rev Stats (1965), ch 85, pars 1-101 through 9-107, approved on August 13, 1965, does not affect the issues herein because it was not in effect at the time of the alleged occurrences.

■ We next consider the allegations set forth in Count Three of both cases, which prays for a declaration that defendant, City of Chicago, pursuant to par 1-4-5,

211

be held directly liable to plaintiff for a sum in the amount of any judgment rendered against the defendant police officers. The statutory provision relating to declaratory judgments is found in Ill Rev Stats (1963), ch 110, § 57.1(1):

> DECLARATORY JUDGMENTS. (1) No action or proceeding in any court of record is open to objecttion on the ground that a merely declaratory judgment, decree or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested. The foregoing enumeration does not exclude other cases of actual controversy. The court shall refuse to enter a declaratory judgment, decree or order, if it appears that the judgment, decree or order, would not terminate the controversy or some part thereof, giving rise to the proceeding.

Plaintiffs contend that even though the City is an indemnitor, a declaratory judgment may be entered against it on the condition that subsequently a judgment is rendered against the policemen. It is defendant's position that a judgment must be entered against the policemen before the City's liability as indemnitor may be resolved.

We are not called upon to resolve the issue because Rule 39, Part IV of the Rules of the Supreme and Appellate Courts of Illinois states in part:

> The Argument shall be limited to the points made and cases cited in the Points and Authorities, and

212

in the sequence in which the points are made. A point made but not argued may be considered waived.
. . .

Plaintiffs did not argue this point in their briefs.

██ We note that the issue of coverage raised under the indemnification statute is more complex than the same issue under a contract of indemnity. The trial court would have to determine whether the complained of conduct of the policemen was wilful and wanton. We find that the trial court did not abuse its discretion in deciding not to entertain the counts for a declaratory judgment. See Joint Committee Comments, SHA chapter 110, section 57.1, foot of page 224. Also see 26 CJS, 70, sec 11, Declaratory Judgments. The causes of action attempted to be stated in Count Three for declaratory judgments are premature.

The judgments for the City of Chicago on Count Two of the complaints are reversed. The judgments for the City on Count Three of the complaints are affirmed, and the causes are remanded for further proceedings not inconsistent with this opinion.

Judgments reversed in part and affirmed in part and causes remanded with directions for further proceedings not inconsistent with this opinion.

BRYANT, P. J. and BURKE, J., concur.