(No. 40056.—)

CLEO ANDREWS, Admr., Appellee, *vs.* THE CITY OF CHICAGO *et al.*, Appellants.—(ELBERT FOX, Appellee, *vs.* THE CITY OF CHICAGO *et al.*, Appellants.)

*Opinion filed May 18, 1967.*

RAYMOND F. SIMON, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and ALLEN HARTMAN, Assistants Corporation Counsel, of counsel,) for appellants.

ROGERS, STRAYHORN & HARTH, of Chicago, (RAYMOND E. HARTH, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This cause involves two suits for damages against police officers and against their employing municipality. The first is a wrongful death action by Cleo Andrews, administrator of the estate of Charles Andrews, deceased, against the city of Chicago, and one of its policemen, alleging that while acting in the course of his employment the latter negligently shot and killed the decedent. In the other action, brought by Elbert Fox against the city and three Chicago policemen, it is charged that the defendants arbitrarily placed him in custody and negligently kept him there. On motions by the city the court dismissed both actions as to the city, on the ground that a municipal corporation cannot be sued directly for the tortious acts of its police officers. On appeal to the appellate court the cases were consolidated and the judgments were reversed, the causes being remanded for further proceedings. (70 Ill. App. 2d 202.) We granted leave to appeal.

The appellate court based its holding on *Molitor* v. *Kaneland Community Unit District,* 18 Ill.2d 11, wherein this court decided that school districts are no longer immune from liability for the negligence of their agents and employees acting in the course of their employment.

This court has pointed out that: "It seems clear under the *Molitor case* that the doctrine of sovereign immunity has been eliminated as a defense for municipal corporations in tort actions * * *." (*List* v. *O'Connor,* 19 Ill.2d 337, 340), and that: "The reasons that prompted the court to reject the school district's claim of immunity in that case, however, applied equally to other areas of municipal immunity * * *. There is no general provision granting immunity to municipalities—cities, villages and incorporated towns." *Harvey* v. *Clyde Park District,* 32 Ill.2d 60, 62.

No sufficient reason has been suggested why the rule should be different where the employee causing the injury is a policeman, or where the employing municipality is a

city instead of a school district. To reverse the appellate court judgment the city relies on section 1—4—5 of the Municipal Code, under which municipalities over 500,000 population are required to "indemnify the policeman for any judgment recovered against him as the result of such injury, except where the injury results from the wilful misconduct of the policeman." (Ill. Rev. Stat. 1965, chap. 24, par. 1—4—5.) The argument is based on the legislative history of the section which originally provided for direct responsibility on the part of the city where injury is caused by a policeman's negligent operation of a motor vehicle. (Ill. Rev. Stat. 1943, chap. 24, par. 1—15.) It is urged that the present statute, by providing for indemnifying the policeman in all cases of negligent injury by him, precludes by implication any other kind of liability for the wrong. The city says "The amendment passed in 1945 did not create governmental immunity, but rather made such municipalities liable for *all* nonwilful torts of their policemen, refining the liability thus broadened into one of indemnification instead of direct liability."

We cannot read into the statute any such provision for immunity from the direct liability. The legislation is designed simply to benefit policemen against whom judgments may be rendered, preventing them from being restrained in performing their duty by fear that they might be called upon to pay substantial judgments. (See *Karas* v. *Snell,* 11 Ill.2d 233, 243.) As the appellate court indicated in the case at bar it expresses no limitation that this liability is to be exclusive. Nowhere in its terms does it purport to foreclose injured persons from maintaining a common-law cause of action against the municipality, and we agree that under the general rule laid down in the *Molitor* case the city is not immune from liability arising from tortious acts of police officers in the scope of their employment. It is unnecessary here to re-examine the reasons for abolishing the common-law doctrine of governmental immunity, nor need we add

312

further to what was said in the appellate court's opinion herein.

No error having been shown therein the judgment of the appellate court will be affirmed.

*Judgment affirmed.*