**Alvernest Mills, Plaintiff-Appellant, v. County of Winnebago, Defendant-Appellee.**

Gen. No. 68–47.

Second District.

January 13, 1969.

Goldman and Jacobsen, of Rockford, for appellant.

Lawrence J. Ferolie, Special Assistant State's Attorney, of Rockford, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This appeal involves interpretation of the Local Governmental and Governmental Employees Tort Immunity Act, (Ill Rev Stats 1965, c 85, § 1–101 et seq.) passed into law August 13, 1965, and referred to herein as the Tort Immunity Act.

The plaintiff, Alvernest Mills, on September 5, 1965, shortly after the adoption of this Act, while entering her automobile which was parked on one of the streets of the City of Rockford, County of Winnebago, State of Illinois, sustained an injury as a result of a bullet passing through the thighs of both of her legs.

It seems that one John Williams, Deputy Sheriff of the County of Winnebago, defendant, while in the performance of his duties, was in pursuit of a youth suspected of having committed a misdemeanor. Williams fired his revolver at the fleeing youth and one of the bullets struck the plaintiff as stated. On March 4, 1966, the plaintiff filed a notice with the County Clerk of the defendant which notice informed the defendant (along with other information not necessary to be considered in this appeal) that she was about to commence an action because of the injuries sustained. Thereafter, on August 30, 1966, plaintiff filed her complaint solely against the defendant setting forth, in addition to the above matters, that she was in the exercise of due care of herself at the time and place in question; that it was the duty of Williams not to cause her harm but that, despite this duty, Williams did so in a "wilful and wanton" manner which caused the claimed injury.

The defendant filed a motion to strike the complaint. One of the grounds was based upon section 22.1 of the Corporate Name and Powers in General Act (Ill Rev Stats 1965, c 34, § 301.1) and referred to herein as the Indem-

nification Act. The motion was allowed with leave to amend; however, the plaintiff elected to stand on her complaint and this appeal followed.

The sections of statutes in force at the time of this occurrence are as follows:

Chapter 85, § 2–109:
"A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."

Chapter 85, § 2–202:
"A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence."

Chapter 34, § 301.1:
"No county shall be liable for any injuries to the person or to the property or for the death of any person heretofore or hereafter caused by or resulting from the negligence of its agents, servants, officers or employees in the operation or maintenance of any property, equipment or facility under the jurisdiction, control or custody of the county or otherwise occasioned by the acts or conduct of such agents, servants, officers or employees; however, in case any injury to the person or property of another is caused by a sheriff or any deputy sheriff, while the sheriff or deputy is engaged in the performance of his duties as such, and without the contributory negligence of the injured person or the owner of the injured property, or the agent or servant of the injured person or owner, the county shall indemnify the sheriff or deputy, as the case may (be) for any judgment recovered against him as the result of such injury, *except where the injury results from the*

*wilful misconduct of the sheriff or deputy, as the case may be,* to the extent of not to exceed $50,000, including costs of suit. . . ." (Emphasis added.)

It is plaintiff's theory that section 2–202, which concerns itself with immunity of public employees as opposed to public entities, allows her to recover against Williams if he has been guilty of wilful and wanton negligence. Then, after first establishing her right under section 2–202, in the manner related above, the plaintiff urges that, even though Williams has not been found liable in another action or joined in this suit, he may, nevertheless, be found guilty in the present case. She then concludes that if he is found guilty of wilful and wanton negligence, then it would naturally follow that the defendant would be liable under section 2–109.

A brief history reveals that in 1959, there was passed into law that portion of the statute which immunized all counties and its agents, servants, officers or employees from liabilities caused by their negligent acts in the operation or maintenance of any property, equipment or facility under the county's jurisdiction, control or custody. In 1961, by amendment, there was added the present indemnification provision set forth as section 301.1 above, relating to injuries caused by the negligent acts of sheriffs or their deputies while engaged in the performance of his duties, "except where the injury results from wilful misconduct of the sheriff or deputy, . . . ." This statute remained intact until the case of Hutchings v. Kraject, 34 Ill2d 379, 382, 215 NE2d 274 (1966) when the Supreme Court held void that portion of the Act adopted in 1959, which granted immunity to all counties and their agents, servants, officers or employees for injuries caused to others as a result of their negligent acts. The reason assigned in the decision was that the Legislature had attempted to classify governmental units as such, without regard to similarity of function. It is to be noted that the Supreme Court specifically referred to only the 1959 en-

actment and not to the added portion of 1961. It is to be further noted that while the 1961 addition refers only to sheriffs and their deputies, still the Legislature had, as far back as 1945, adopted a like provision in the Cities and Villages Act referring to members of the police department of a municipality. (Ill Rev Stats 1965, c 24, §§ 1–4–5 and 1–4–6.) See Andrews v. Porter, 70 Ill App2d 202, 217 NE2d 305 (1966), affd in Andrews v. City of Chicago, 37 Ill2d 309, 226 NE2d 597 (1967).

■ ■ We are of the opinion that the portion of the statute with which we are here concerned, namely, the indemnification by the county for the negligent acts of the sheriff or his deputies, survived the Hutchings case, first, because the decision was specifically directed at that portion of the statute enacted in 1959 and, second, because the 1961 enactment encompassed two separate subjects or objects. It is a rule that where a statute provides for two distinct subjects or classes, it may be sustained as to one of them although the portion relating to the other may be unconstitutional and void, provided the separation may be accomplished without jeopardizing the intent of the Legislature. Henrys v. Raboin, 395 Ill 118, 124, 69 NE2d 491 (1946); Noel v. People, 187 Ill 587, 597, 58 NE 616 (1900); Chicago, B. & Q. R. Co. v. Jones, 149 Ill 361, 389–391, 37 NE 247 (1894). Therefore, at the time the plaintiff's cause of action arose, there was in force a specific statute relating to injuries caused by the negligent acts of Williams while in the performance of his duties but excepting therefrom any wilful misconduct on his part.

The question then becomes whether or not the plaintiff can sue the county directly when she charges only wilful and wanton misconduct on the part of the deputy who is an employee of the defendant county? We think not.

■ The Tort Immunity Act must be read in pari materia with the Indemnification Act. Both statutes relate to the one injury received by the plaintiff through the act of Williams. Where statutes relate to the same

371

thing or the same subject or object they are in pari materia and should be construed together regardless of the time of their enactment. Spring Hill Cemetery of Danville v. Ryan, 20 Ill2d 608, 615, 170 NE2d 619 (1960). Statutes are to be construed according to their intent and meaning taking into consideration the reason for their enactment, the existing circumstances and the objective sought by the Legislature. Illinois Nat. Bank v. Chegin, 35 Ill2d 375, 378, 220 NE2d 226 (1966). It is noteworthy that after the Hutchings case was decided in 1966, the Legislature in 1967 readopted the Indemnification Act, without the 1959 provision, and this was done after the Tort Immunity Act of 1965 which, it seems, clearly evidences, not only their knowledge of the existing statute, but their intent with relation to acts of sheriffs and their deputies in the performance of their duties. People ex rel. Myers v. Pennsylvania R. Co., 19 Ill2d 122, 129, 166 NE2d 86 (1960). It is a further rule of statutory construction, that where there is a statute covering a specific subject it should control as against general provisions covering the same subject either in the same act or in the general laws relating thereto. People ex rel. Myers v. Pennsylvania R. Co., supra; Jansen v. Illinois Municipal Retirement Fund, 58 Ill App2d 97, 105–106, 206 NE2d 249 (1965).

■■ While the case of Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89 (1959) eliminated the common-law doctrine of sovereign immunity for municipal corporations, List v. O'Connor, 19 Ill2d 337, 340, 167 NE2d 188 (1960), still the General Assembly has the right to enact legislation establishing total immunity or partial immunity if it does so within the framework of our Constitution. With the Molitor case in view, the Legislature adopted the Tort Immunity Act. This Act limits the Molitor rule by specifying in what instances a person may not recover.

Part 1 of Article II of the Act concerns itself only with public entities as defined by section 1–206 and sets forth

specifically when a local public entity will *not* be liable. One such instance is where the injury complained of results "from an act or omission of its employee where the employee is not liable." Section 2–109, supra. It could not be more plainly and simply stated. Since a public entity acts only through its employee, as defined by section 1–202 of the Act, it cannot by itself be liable without its employee being liable, as a condition precedent to recovery.

Part 2 of Article II of the Act concerns itself with public employees, as defined by section 1–202, and also specifically sets forth when a public employee will not be liable. One such instance is when his act or omission is in the execution or enforcement of any law, "unless such act or omission constitutes wilful and wanton negligence." Section 2–202, supra. We interpret this to mean that while a public employee may be immune from suit for his action or inactions, if you will, in the execution or enforcement of any law, still he, personally or individually, not the entity, may be held to answer for his act or inaction if it amounts to wilful and wanton negligence.

The plaintiff in the instant case is attempting to interchange separately covered subjects of the legislature, which are both directed at the one subject of immunity. Still, as can be seen from the format of the Tort Immunity Act, this is exactly what the Legislature intended to avoid.

This avoidance is further supported by the fact that Part 3 of Article II, section 2–301, expressly excludes chapter 34, section 301.1, supra, from the Act.

■ We therefore conclude that the plaintiff herein *may* have a cause of action against Williams for his wilful and wanton conduct by virtue of the Tort Immunity Act; however, this would be limited as against him individually.

The trial court was correct in dismissing the complaint against the defendant county which was based upon the

wilful and wanton misconduct of Williams in the performance of his duty.

Judgment affirmed.

SEIDENFELD, J., concurs.

DAVIS, J., dissents.

DAVIS, J., dissenting:
I respectfully note my dissent in this case.

The plaintiff filed a complaint against the County charging that the County, through its agent and employee Williams, was guilty of wilful and wanton negligence in the performance of certain of his duties as deputy sheriff. Williams was not made a party defendant.

The County filed a motion to strike the complaint based upon various grounds, including section 22.1 of the Corporate Name and Powers General Act (herein called the Indemnification Statute), (Ill Rev Stats 1965, c 34, par 301.1); and section 2–109 of the Tort Immunity Act (Ill Rev Stats 1965, c 85, par 2–109).

The motion alleged that under the terms of the Indemnification Statute, in case of injury caused to the person by a deputy sheriff while engaged in the performance of his duties, and without contributory negligence of the injured person, the county shall indemnify the deputy for any judgment recovered against him as a result of such injury, except where the injury results from the wilful misconduct of the deputy; that the plaintiff was injured by virtue of the wilful misconduct of Williams; and that under the terms of section 2–109 of the Tort Immunity Act, a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. The trial court dismissed the complaint and entered judgment for the County. This appeal followed.

I concur with the majority opinion with reference to its interpretation of the effect of the decision of Hutchings v. Kraject, 34 Ill2d 379, 215 NE2d 274 (1966) upon the Indemnification Statute, and agree generally that the Tort Immunity Act and the Indemnification Statute are in pari materia to the extent that they deal with the subject matter of the ultimate responsibility of a governmental entity or its employees, in certain instances, in their relation to third parties. To this extent the enactments should be construed together. However, I dissent from the construction of the majority of the court with reference to the two enactments.

Generally, a governmental entity acts, or fails to act, through its employees. Therefore, most governmental liability depends on the doctrine of respondeat superior. Under the liberal provisions of the Civil Practice Act, I can see no reason for concluding that the plaintiff cannot sue the County directly, without joining Williams as a party defendant, for the wilful and wanton conduct of the deputy which occurred in the performance of his duties.

If an action is brought against a governmental employee, individually, arising out of an act or omission within the scope of his employment, the Tort Immunity Act provides that the governmental entity may elect to either appear and defend the claim or completely indemnify the employee for all costs and judgments or settlements. (Tort Immunity Act, section 2–302.)

And, when a governmental entity is sued directly for an act or omission of an employee, it may assert any defense that would be available to a private person (Tort Immunity Act, section 2–110), and it may assert non-liability of the employee as an absolute defense. (Tort Immunity Act, section 2–109.) Thus, the Act contemplates that either the governmental entity or the employee, or both, may be sued pursuant to its provisions, for the act or omission of an employee.

The majority opinion construction of sections 2-109 and 2-202 of the Tort Immunity Act is unwarranted. These sections should be interpreted in a manner consistent with the procedure normally followed in suits against principals for the wrongful acts of their agents. It should be sufficient for recovery against a public entity to prove that an employee would be liable even though no employee is defendant in the action.

The Tort Immunity Act is predicated upon the Molitor rule of liability. The purpose of the Act seems to be to specify exemptions to the general principle of governmental liability.

Section 2-202 of the Tort Immunity Act provides that:

"A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence."

Under this section, the legislature granted immunity to local public employees for an act or omission in the execution or enforcement of any law, if the act or omission constituted simple negligence. It followed the Molitor rule of liability for an act or omission which constituted wilful and wanton negligence. It would, thus, appear that the complaint asserted a cause of action in which Williams would be liable under section 2-202, which deals with immunity of public employees.

Under section 2-109 of the Act, which deals with immunity of local public entities, "a local public entity is not liable for an injury resulting from an act or omission of its employees where the employee is not liable." Thus, an employee, such as Williams, would appear to be liable only for an act or omission which constituted wilful and wanton negligence; and, consequently, the County would be liable only in event the act or omission constituted wilful and wanton negligence. Under section

376

2–109, there could be no liability on the part of the County if Williams were guilty of simple negligence only.

In the light of these provisions, it seems that the legislature intended that the County could be sued directly in the case at bar, without joining Williams as a party defendant. The question which arises is whether the provisions of the Indemnification Statute, when considered in pari materia with the provisions of the Tort Immunity Act to the extent heretofore indicated, require a different construction. I think not!

It appears unreasonable to permit the provisions of the Indemnification Statute—a single paragraph in the Corporate Name and Powers General Act, which deals with the subject of indemnity by a single governmental entity (the County)—to override the provisions of the Tort Immunity Act, which covers the spectrum of the immunity of all local governmental entities and governmental employees.

The Indemnification Statute, as originally amended in 1959, purported to deal only with the question of immunity. It provided for nonliability of the county. Subsequently, it was again amended in 1966 to provide both for the immunity of the county and the indemnity of a sheriff or deputy sheriff in certain cases. As the majority opinion points out, that portion of the statute which purported to deal with immunity was held to be unconstitutional by the Supreme Court in Hutchings v. Kraject, supra. There remained, as the only valid portion, that part of the statute dealing with indemnification. Subsequently, the legislature, in 1967, again amended the statute, removing all reference to immunity, and addressed itself solely to the problem of indemnification. This history, including the subsequent legislation (Lubezny v. Ball, 389 Ill 263, 266, 59 NE2d 645 (1945); Radford v. Cosmopolitan Nat. Bank of Chicago, 52 Ill

377

App2d 240, 247, 201 NE2d 622 (1964)) vividly illustrates that the Indemnification Statute is just that—it deals with the question of indemnity of a sheriff or deputy by a county, a question we are not concerned with here. It does not grant, and should not be a basis for granting immunity.

It would seem more appropriate to subordinate the provisions of the Indemnification Statute, and to construe the two enactments to provide that the plaintiff may have a cause of action in the case at bar directly against the County for the wilful and wanton conduct of Williams in the performance of his duties as deputy sheriff, without the necessity of joining Williams as a party; and that indemnification is precluded under the provisions of the Indemnification Statute in event the injury resulted from the wilful and wanton misconduct of the sheriff or his deputy. Under this construction, the County could be held liable for the wilful misconduct of its sheriff or deputies and could be compelled to pay the judgment against it in such case; also, it would be compelled to indemnify such officer for any judgment recovered against him for an injury caused by his act or omission, which constituted simple negligence. Consequently, I would reverse and remand the cause for further pleadings and trial, all consistent with the views expressed herein.

Under the statutory construction—either of the majority opinion or as I have suggested—the Indemnification Statute requires indemnity for all law enforcement activities of sheriffs and deputies which are immune from liability under section 2–202 of the Tort Immunity Act; namely, acts or omissions based on simple negligence, but forbids indemnity in those cases in which such officers are liable under that section; namely, acts or omissions which constitute wilful and wanton negligence. This, in my opinion, permits sections 2–202, 2–109 and 2–302 of the Tort Immunity Act and the Indemnifi-

cation Statute to remain as an undigested and indigestible lump in the middle of our law—a circumstance which should not exist and which should receive legislative attention.

This litigation, and that reflected in Hutchings v. Kraject, supra; Harvey v. Clyde Park Dist., 32 Ill2d 60, 203 NE2d 573 (1965), and similar cases, lies in the wake of the Molitor decision. The law in the area of governmental immunity and liability, is in dire need of further clarification with reference to the problem involved in this litigation. The clarification needed requires more than interstitial overhauling through judicial construction: it demands legislative modification!