(No. 28142.—

THEODORE LUBEZNY, Appellant, *vs.* ARLEY M. BALL, Township Treasurer, Appellee.

*Opinion filed January 17, 1945.*

264

Richard F. Locke, of Glen Ellyn, for appellant.

Roy A. Whiteside, (Ward Heidenrich, and William H. Meyer, of counsel,) all of Chicago, for appellee.

Mr. Justice Stone delivered the opinion of the court:

This cause is here on certificate of importance of the Appellate Court, Second District, for review of the judgment of that court reversing a judgment of the circuit court of Du Page county which awarded the writ of *mandamus* compelling appellee, as treasurer of School District No. 85, to pay a certain tax anticipation warrant out of funds in his hands.

The sole question presented is whether such warrant is payable serially, *i.e.,* in numerical order of its issuance, or whether it must be paid *pro rata* with other outstanding warrants. The warrant is numbered 59. All warrants numbered up to and including No. 58 have been paid. These warrants were issued against the 1932 school levy for educational purposes. The tax levied was something over $85,000 and between July, 1932, and January, 1936, the district had issued, serially, tax anticipation warrants

numbered from 1 to 3279, amounting to approximately $121,000. Outstanding warrants aggregated over $63,000, but $25,000 of which were within the 75 per cent statutory limitation applicable to the issuance of tax anticipation warrants. Unpaid interest on the warrants legally issued amounted to about $12,000. The amount of uncollected taxes available, if and when collected, was $23,710. The treasurer had in his hands at the time this suit was brought, $4100 subject to payment of outstanding warrants.

The question here presented has not heretofore been directly passed upon by this court. It is conceded that the issuance of the tax anticipation warrant No. 59 was an assignment of a sufficient amount of the 1932 tax, when collected, to pay the amount of such warrant and interest, provided the warrant was within the 75 per cent of the tax levy permitted by law. It is also conceded that no debt was created by the corporation issuing the warrant and the holder thereof must look to the tax money collected for payment thereof.

The applicable portion of the statute in force when this warrant was issued provided that the warrants should show upon their face that they were payable solely from taxes when collected, and shall be received by the collector of taxes in payment of the taxes against which they are issued, and that such taxes shall be set apart and held for their payment. No provision was made as to the order in which they should be paid. In 1935, the General Assembly amended section 117 of the School Law by adding thereto the provision that anticipation warrants shall show upon their face that they are payable "in the numerical order of their issuance" solely from such taxes when collected. (Laws of 1935, p. 1403.) Also, in 1934, the General Assembly, in passing two amendments to section 132 of the School Law, (Laws of 1934, p. 237 and 239,) made the same provision as to payment of anticipation warrants in their numerical order. Section 2 of the first amendment

reads as follows: "Whereas, warrants issued under this section are retired in the order of their issuance beginning with warrants having the lowest number and it is desired to make certain the validity of such procedure and thus increase the salability of such warrants so as to get money to pay current school expenses, therefore, an emergency exists and this Act shall take effect upon its passage."

It is conceded that the general practice for many years has been to pay these warrants in the numerical order of their issuance. That the General Assembly realized and understood this was the practice is evidenced by the emergency statements attached to the amendments, in 1934, to the School Law, which emergency provisions indicated that the General Assembly considered that such was the practice prior to the amendments to the School Law, though it had not been specifically provided prior to those amendments.

In ascertaining the meaning and intent of the General Assembly in the construction of statutes, where no specific provision appears to aid such construction, recourse may be had to the language of subsequent acts of the same lawmaking body. (*Lawrence* v. *People ex rel. Foote*, 188 Ill. 407.) In *United States* v. *Freeman*, 3 Howard 556, 11 L. ed. 724, it was said: "If it can be gathered from a subsequent statute *in pari materia*, what meaning the legislature attached to the words of a former statute, they will amount to a legislative declaration of its meaning, and will govern the construction of the first statute." See, also, *Cannon* v. *Vaughn*, 12 Tex. 399; 23 Am. & Eng. Ency. of Law, p. 315; Endlich on Interpretation of Statutes, secs. 43, 44, 47; *Matter of Yick Wo*, 68 Cal. 294.

The fact, also, as conceded in this case, of the long-continued practice of paying these warrants in their numerical order, together with the evident confusion that would arise in case they were required to be paid *pro rata*, impels the construction of the statute, in existence at the time these warrants were issued, as that construction was indicated

by the later enactments of the General Assembly referred to. To require a prorata payment of warrants would not only result in endless confusion in the office of the treasurer, but contribute largely to the nonsalability of the warrants. When a prospective investor considers investing in tax anticipation warrants, he is told under the law that he must pay the face value, but he is given six per cent interest. He is also told that he must look only to the taxes for payment. He is also told that not over 75 per cent of the original tax levy can be issued in the form of tax anticipation warrants. He understands, when he purchases these tax warrants, how many have been, up to that time, issued, and their amounts, but he has no way of knowing how many may be thereafter issued. True, the statute provides that but 75 per cent of the tax levy can be so issued, but in this case, on a tax levy of something over $85,000, tax anticipation warrants were issued up to the sum of $121,000. Only something over $63,000 could be legally issued. To require prorata payments on those warrants legally issued could lead to the payment of tax warrants illegally issued.

Counsel for appellee argue that these tax funds, when collected, are a trust fund for the payment of all tax anticipation warrants issued against the tax levy, and have cited cases having to do with the issuance of municipal bonds in special assessment cases. The claimed analogy does not exist between those cases and the one before us for the reason, among others, that special assessment bonds are definite in amount. One purchasing a bond knows just how many outstanding bonds there are and will be. This is not true with tax anticipation warrants, as the investor has no way of knowing definitely how many may be issued. See *Rothschild* v. *Village of Calumet Park,* 350 Ill. 330. They also cite *Board of Education* v. *Norfolk and Western Railway Co.* 88 Fed. 2d 462. This court had occasion to consider that case in *Leviton* v. *Board of Education,* 374 Ill. 594, where it is pointed out that in that case the Circuit

Court of Appeals relied on cases holding the city under certain obligations when it collects assessments for local improvement bonds, and that the holders of such bonds are entitled to the entire assessment collected and the city merely acts as the collector to distribute all money collected on the bonds to discharge a debt. This court, however, said in the *Leviton case:* "A tax anticipation warrant is simply an assignment of tax money which directs the treasurer to pay the holder. In the alternative, it can be presented to the tax collector in full discharge of taxes. We have repeatedly held no debt is created by an anticipation warrant, *(Berman v. Board of Education,* [360 Ill. 535] *supra,)* and after delivery there is no future obligation upon it, either absolute or contingent, to pay out of anything except the levy anticipated, when collected. *Dimond* v. *Comr. of Highways,* 366 Ill. 503." It is, also, said in the second *Leviton* v. *Board of Education case,* 385 Ill. 599, that tax anticipation warrants "were in legal effect assignments of sufficient amounts of money to pay the principal and interest." The long-established practice of paying these warrants in numerical order, as conceded on this record, and the apparent confusion and injurious effect upon the salability of such warrants, if they were payable *pro rata,* convinces us that it was within legislative contemplation, at the time of the enactment of the statute relating to tax anticipation warrants in effect at the time these warrants were issued, that they should be paid in numerical order.

The judgment of the Appellate Court is reversed and the judgment of the circuit court awarding a writ of *mandamus* is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*