THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES HAYES, Defendant-Appellant.

(No. 58133;

First District (2nd Division)—November 6, 1973.

Arnette R. Hubbard, Edward M. Genson, and Frederick F. Cohn, all of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Roger Horwitz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant, Charles Hayes, was charged in a three count indictment with aggravated battery and two counts of unlawful use of weapons. After a bench trial, defendant was found guilty on all three counts and was sentenced to six months in the Cook County Jail for aggravated battery and to three to five years in the Illinois State Penitentiary for carrying a concealed weapon within five years of a prior conviction. This appeal follows. No sentence was imposed on the misdemeanor charge of unlawful use of weapons.

Testimony at trial showed that on August 29, 1968, in the midst of the Democratic National Convention being held in Chicago, Officer Kenn, a Chicago police officer, was assigned to the Old Town-Lincoln Park area. At approximately 12:45 A.M. on that date, Officer Kenn and several other police officers were attempting to disperse a crowd which had assembled in the vicinity of 1630 North Wells Street. Upon viewing defendant standing in a restaurant vestibule off the sidewalk near the crowd, Officer Kenn asked defendant to "please move along." Defendant responded that he (defendant) was a police officer, whereupon Kenn asked defendant for identification.

Defendant, who was not wearing a policeman's uniform, said that his identification was in his car, and Officer Kenn then said both he and defendant should go to defendant's car to see the identification. As they started to walk toward the car, the officer asked defendant where he worked, and, when defendant answered, "the 47th Precinct," Officer Kenn arrested defendant for impersonating a police officer, knowing that no such police precinct existed in Chicago.

Upon searching defendant after the arrest, the pistol, which is the subject of the unlawful use of weapons charge in this case, was found under defendant's sweater. From the time the officer came upon defendant in the vestibule until the arrest, Officer Kenn was carrying a .12 gauge shotgun in his hands.

After the arrest, Officer Kenn, two other officers, and Officer Buttitta, one of Officer Kenn's partners on the morning in question, accompanied defendant to the 18th District Police Station. Defendant was taken to a second floor processing room by Officer Buttitta, while the other three officers went to a nearby room on the same floor. Officer Buttitta and defendant were alone in the room, where defendant was seated in a swivel chair near a desk, his wrists handcuffed behind him; Officer Buttitta was seated at the desk, asking defendant questions.

Officer Buttitta testified that upon defendant's refusal to answer certain questions put to him, the officer began to get up out of his chair to leave the room when defendant kicked him in the groin area. The other officers heard the commotion from the nearby room and entered the room where the incident occurred. Officer Buttitta was in uniform when he was kicked.

Defendant's version of the incident was to the effect that after his refusal to answer certain questions, Officer Buttitta began to rise from his seat. Defendant, supposing that the officer was about to leave the room, attempted to move the swivel chair he (defendant) was seated in out of the officer's path, and, in the process, fell backwards with the result that his foot hit Officer Buttitta.

Defendant alleges the following errors: (1) he did not knowingly and intelligently waive a jury trial; (2) it was erroneous to admit, over objection, prior consistent statements by a State witness; (3) evidence obtained in violation of defendant's Fourth, Fifth, and Sixth Amendment rights was erroneously admitted; (4) count three failed to allege the felony offense of unlawful use of weapons; and (5) the evidence was insufficient to sustain the findings of guilty.

## I.

Defendant contends that though he signed a jury waiver, his waiver of

854

a trial by jury was not knowingly and intelligently made; in support of his position, defendant urges that nothing in the record reflects any admonishments to defendant by the trial court regarding his right to a jury trial. At oral argument, defendant's counsel conceded that after further review of the record, he no longer strenuously urged this point.

## II.

Defendant next claims that the court below committed reversible error in that it admitted into evidence, over objection of defense counsel, prior consistent statements by a prosecution witness in the form of a complaint charging defendant with impersonating a police officer. The State's argument for the complaint's admission was that the document would corroborate the State's case. Defendant urges that the complaint was improperly admitted in violation of the rule that it is error to corroborate a witness with the witness' prior consistent statements and that the trial judge's consideration of the complaint resulted in prejudicial error.

During the course of the trial, defense counsel objected to the admission of the complaint on grounds of relevancy and prejudice. The State urges that based on *People v. Canaday* (1971), 49 Ill.2d 416, 423-424, 275 N.E.2d 356, this point should not be considered on review, as the defendant, having made a specific objection, has waived all grounds not specified.

■■ Where a case is tried by the court without a jury, there is a presumption that the court considered only competent evidence in reaching its decision (*People v. Cox* (1961), 22 Ill.2d 534, 177 N.E.2d 211). As a correlative proposition to that rule, where it appears a trial judge considered incompetent evidence *prejudicial* to defendant in arriving at his finding, the judgment will be reversed. (Emphasis ours.) *People v. McKee* (1968), 39 Ill.2d 265, 235 N.E.2d 625.

■■ On this issue, we find nothing in the record to indicate that the trial judge considered the complaint charging defendant with impersonating a police officer in reaching his decision. Further, as it does not appear affirmatively that the trial judge was prejudiced by the document's admission, and as we presume the trial court considered only competent evidence, we find the admission of the complaint into evidence did not result in error prejudicial to defendant. For the foregoing reasons, we reject this contention.

## III.

Defendant next urges that the trial court erroneously admitted evidence obtained in violation of defendant's rights secured to him by the Fourth, Fifth, and Sixth Amendments to the United States Constitution.

Defendant argues that the probable cause for his arrest and the search incident thereto was based upon defendant's response to the arresting officer's "street interrogation" of defendant, and that, because defendant's statement made during the interrogation was inadmissible, defendant's arrest, based upon such admissions, is "constitutionally tainted."

The State argues, in contradistinction, that defendant's interrogation by the arresting officer prior to arrest was noncustodial in nature, that the seizure of the weapon herein involved was incident to a lawful arrest, and, consequently, that defendant's constitutional rights were not violated by the arresting officer.

■■ The seminal question is whether the presence of the shotgun in Officer Kenn's hands during his conversation with defendant had such a coercive effect upon defendant as to turn the situation into a custodial interrogation within the meaning of *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602; if the situation was so turned, warnings consistent with the *Miranda* rules would have had to have been given, as defendant would have been placed in circumstances which were likely to affect substantially his will to resist and compel him to speak where he would not otherwise do so freely. See *People v. Fischetti* (1970), 47 Ill.2d 92, 264 N.E.2d 191.

At pages 477-78 of the *Miranda* opinion, the Supreme Court stated:

"Our decision is not intended to hamper the traditional function of police officers in investigating crime. * * * General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact finding process is not affected by our holding. It is an act of citizenship for individuals to give whatever information they may have to aid in law enforcement. In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present."

In *People v. Hall* (1st Dist. 1971), 1 Ill.App.3d 949, 275 N.E.2d 196, we had the opportunity to consider the *Miranda* rules in a case involving circumstances where the police, in search of a kidnapped girl, entered defendant's apartment, saw a girl lying on the floor, asked defendant who she was and what she was doing in the apartment, and subsequently arrested the defendant for rape. We said, at page 957 of the *Hall* opinion:

"The *sine qua non* for invoking the *Miranda* rule is that the interrogation be focused on the accused while he is taken into custody or otherwise deprived of his freedom of action by authorities in any significant way. [Citation.] In this case, defendant was not in custody or under any type of restraint by [the officer] when the statements were made. The officer, who was looking through defendant's apartment, made what could appear to be a normal

and ordinary on-the-scene inquiry when he encountered the body of a young girl lying on the floor. The defendant's response was made voluntarily and sometime prior to his arrest. It was certainly not the product of close interrogation by the police. The compulsion and danger of intimidation that *Miranda* was designed to eliminate were clearly not present under the circumstances here."

■■ Taking into consideration the circumstances surrounding defendant's arrest, including the testimony at trial relating to the shotgun carried by Officer Kenn during his conversation with defendant, we find that the situation was noncustodial in nature, a setting which did not give rise to the necessity of pronouncing *Miranda's* rules to defendant. We find no violation of defendant's Fourth, Fifth, or Sixth Amendment rights.

## IV.

The third count of the indictment in the case at bar alleged that defendant "* * * committed the offense of unlawful use of weapon, in that he knowingly carried concealed on his person a pistol * * *" and, further, that the January, 1966, grand jury indicted Charles W. Hayes otherwise called Charles William Hayes "* * * on a charge of theft (of automobile of National ·Car Rental Systems, Inc.,) * * * said Charles Hayes was then and there found and adjudged guilty of and convicted of theft of said automobile of National Car Rental Systems, Inc., upon said indictment, on the 13th of September [1967] * * * that said Charles Hayes who was convicted as aforesaid is the same Charles Hayes * * * that within five years after his said release so entered on the 13th of September [1967] * * * knowingly carried said pistol, in manner and form as hereinbefore set forth, in violation of Chapter 38, Section 24—1, (a—4), of the Illinois Revised Statutes 1967." [1]

Section 24—1(b) of the Criminal Code provides for an enhanced penalty in cases where the provisions of the statute of which it is a subsection are violated; the section reads, in pertinent part:

> "A person convicted of a felony under the laws of this or any other jurisdiction, who, within 5 years of release from penitentiary or within 5 years of conviction if penitentiary sentence has not been imposed, violates any Subsection of this Section shall be imprisoned in the penitentiary from one to 10 years."

---

[1] The conviction statement entered as an exhibit at the trial set forth that Charles W. Hayes after conviction on September 13, 1967, was released on probation for a period of three years.

Defendant levels a two-pronged attack against his conviction as to count three. Defendant first contends that because the indictment did not allege his prior conviction for auto theft to be a felony (*i.e.*, theft of property exceeding $150 in value), the indictment was insufficient to bring defendant within the enhanced penalty provision, set out above, on the concealed weapons charge. Secondly, defendant asserts that the evidence did not establish proof of defendant's prior conviction.

The contention that count three fails to allege the felony offense of unlawful use of weapons involves, at least, the following issues: (i) where the State is proceeding under the section of the statute which increases the penalty from a misdemeanor to felony based upon a prior felony conviction, must such allegation be spelled out in the indictment; (ii) assuming the answer to the previous query is yes, then (a) in what detail must it be alleged, and (b) may such an indictment be amended, after its return, by changing the following language in said indictment from "within five years after his arrest" to "five years after his conviction."

As mentioned above, defendant's second contention as to count three is that the evidence admitted at the trial failed to establish defendant's prior conviction. The State, in support of its allegation that defendant had been previously convicted of a felony, offered into evidence (during its case in chief) a conviction statement which stated, *inter alia,* that on September 13, 1967, in indictment number 66-133, a judgment of guilty was entered as to Charles W. Hayes for the offense of "theft of auto value over $150.00 in manner and form as charged in the indictment" by Judge Richard J. Fitzgerald, and said Charles W. Hayes was released on probation for a period of three years. Notwithstanding the defendant's objection that he had not been convicted by Judge Richard J. Fitzgerald, the trial court admitted the exhibit into evidence. Aside from colloquy between all counsel and the court, no other evidence was presented on this issue.

Based on the requirements of *People v. Ostrand* (1966), 35 Ill.2d 520, 221 N.E.2d 499 and *People v. Dixon* (1970), 46 Ill.2d 502, 263 N.E.2d 876, the State alleged a prior conviction in count three of the indictment and, in its case in chief, the State sought to prove defendant's prior conviction. The State had to prove all of the elements of its case beyond a reasonable doubt, including defendant's prior conviction. Thus, the question presented to the court below was whether the person named in the indictment was the same person named in the said conviction statement. See *People v. Stewart* (1961), 23 Ill.2d 161, 163-164, 177 N.E.2d 237.

■■ In our opinion the evidence failed to prove this point. So finding,

it follows that the sentence of three to five years on count three must be set aside. As a consequence, it is unnecessary to discuss the many other legal questions raised by defendant in the first phase of this point.

It is to be noted that our Criminal Code, in effect at the time of the instant indictment, was, and continues to be, constructed in such a manner so as to define particular substantive offenses in certain sections and to provide penalties for violations of those sections in separate penalty (now identified as "sentence") paragraphs. The legislature has provided that for certain offenses, increased penalties may be imposed for a number of different reasons specified in the statutes, *e.g.*, obscenity (sec. 11—20(d)); harmful material (sec. 11—21(d)); theft (sec. 16—1), theft from coin-operated machines (sec. 16—5(c)); deceptive practices (sec. 17—1); interference with public institution of higher education (sec. 21.2—4); narcotic drug offenses (sec. 22—53); unlawful use of weapons (sec. 24—1(b)); gambling (sec. 28—1(c)); registration of federal gambling stamps (sec. 28—4(a)); armed violence (sec. 33A—3); and sale of realty (sec. 70—52(a) and (b)).

Under the recently enacted cannibis control act (Ill. Rev. Stat. 1971, ch. 56½, pars. 701 to 719), the legislature has established a penalty structure dependent upon the amount of cannabis involved; and, in the controlled substance act (Ill. Rev. Stat. 1971, ch. 56½, pars. 1100-1603), specific penalties vary depending on the type of controlled substance involved, the amount of same, and whether there have been prior convictions.

We have reviewed all of the foregoing statutes which provide for increased penalties for second and subsequent convictions thereof and where the statute provides for an enhanced penalty owing to prior felony convictions (*e.g.*, as in the instant case), we do not find any legislative mandate that such prior convictions be pleaded in the indictment as part of alleging the particular substantive offense. Nor do we find any legislative intent that such prior convictions be proven by the State as part of its case in chief. In *People v. Hightower* (1953), 414 Ill. 537, 112 N.E.2d 126, our supreme court discussed this question, and held that the fact of prior conviction and sentence—although not required under the Illinois Uniform Narcotic Drug Act then in effect—must be pleaded and proven so as to justify a conviction and sentence under an aggravated penalty clause. In 1963 the legislature repealed the habitual criminal act, which had provided that the fact of prior conviction and sentence in the penitentiary was a necessary allegation in an indictment. See Ill. Rev. Stat. 1961, ch. 38, par. 603.1—603.9.

In *People v. Kelly* (1st Dist. 1965), 66 Ill.App.2d 204, 214 N.E.2d 290, Mr. Justice English, on behalf of this court, discussed the question of

whether a prior conviction should be alleged in the indictment so as to sustain an aggravated penalty under theft of property, section 16—1(a) of the Criminal Code. In *Kelly*, the court held that prior convictions should not be alleged in an indictment, and that no proof thereof should be received by the trier of fact before conviction of the offense for which an accused is being tried.

We agree with Mr. Justice English's statement at page 216 in the *Kelly* case that where the statute provides for an enhanced penalty based upon a prior conviction, it is appropriate for the State to prove such crimes *after conviction* in the sentencing hearing (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1, formerly ch. 38, par. 1—7(g)). We also question whether, under the statutory scheme which provides for enhanced penalties, it is fundamentally fair to inject the fact of prior convictions either in the indictment or before the trier of fact, until there has been a finding of guilty as to the substantive offense.

However, we feel constrained in this case to follow the *Ostrand* and *Dixon* cases, *supra*. Therefore, the sentence of three to five years, as to count three is reversed and set aside.

## V.

Lastly, defendant contends the evidence was insufficient to sustain the findings of guilty as to counts one and three. As noted earlier, the trial court entered a finding of guilty as to each count in the indictment. Count one involved a charge of aggravated battery under section 12—4 (b) (6) of the Criminal Code; count two involved unlawful use of weapons under section 24—1(a) (4); and count three involved the same basic charge as that alleged in count two, but also charged that defendant had been convicted of a felony within the previous five years so as to trigger the enhanced penalty provision of section 24—1(b) of the Criminal Code.

In Section IV of this opinion we hold that the State's evidence as to count three was not sufficient to justify the imposition of the enhanced sentence. That holding in no way touches the question of whether the evidence was sufficient to sustain a finding of guilty as to the substantive prohibition against "unlawful use of weapons." On that point, there was clearly sufficient evidence that defendant, when searched, possessed a pistol under his sweater.

Likewise with respect to the aggravated battery charge, Officer Buttitta testified that defendant kicked him in the groin area and the incident took place while Buttitta was in uniform at a police station, engaged in the exercise of police duties. The defendant testified as to his

version of the incident. The conflicting testimony presented an issue of fact to be determined by the trial court, as the trier of fact.

Defendant contends the State failed to prove "intent" to commit a battery, and further argues that there was no evidence to prove "great bodily harm." The indictment (count one) on this charge reads "* * * Charles Hayes * * * committed the offense of aggravated battery in that he, intentionally and knowingly, without legal justification, committed a battery on Frank Buttitta, knowing him to be a peace officer engaged in the execution of his official duties, which battery caused great bodily harm to said Frank Buttitta in violation of Chapter 38, section 21—4, (b—6) [sic], of the Illinois Revised Statutes 1967, * * *." The legislative intent clearly mandates against such attacks against police officers while engaged in the execution of official duties.[2] There was evidence before the trial court which, if believed, would support the conclusion that defendant intentionally and knowingly kicked the police officer in the groin area; that the police officer was then engaged in the execution of his official duties; and that such a kick in the groin area caused great bodily harm.

The factual issues raised by both counts one and three were for determination by the trier of fact. We find ample evidence in the record to support the findings of the defendant's guilt by the trial court. See *People v. Hubbard* (Illinois Supreme Court), Docket No. 42805-Agenda 32-May, 1973 (Ill.2d), (N.E.2d).

Therefore, in summary, the judgment of guilty as to count one of aggravated battery and the sentence for a term of six months is affirmed; the judgment of guilty as to count two of unlawful use of weapons, a misdemeanor is affirmed and, as the court did not sentence the defendant on this count inasmuch as it imposed a sentence under the enhanced penalty provision and in view of our reversing the sentencing imposed on count three, we are remanding the cause to the circuit court of Cook County for the purpose of sentencing the defendant under count two within the misdemeanor provision applicable to section 24—1(a) (4). The sentence of three to five years under count three is reversed and set aside.

Affirmed in part, reversed in part and reversed and remanded in part.

STAMOS, P. J., and LEIGHTON, J., concur.

---

[2] In *People v. Hanson* (1972), 53 Ill.2d 79, 289 N.E.2d 611, the supreme court upheld the constitutionality of the 1969 statute involving section 12—4(b)(6) which is substantially identical with its 1967 predecessor.