LAUREL F. KAPLAN *vs.* JORDAN BIRGER & another. October 21, 1977. Summary judgment was erroneously granted in favor of the plaintiff, who sought the return of a deposit under a purchase and sale agreement on the ground that the sellers (defendants) were unable to "convey a good and clear record and marketable title [to "[s]aid premises"], free from encumbrances," as required by the agreement. The plaintiff claims that the premises to be conveyed are "subject to a Taking by the City of Newton of easement for laying and maintaining main drain and common sewer through Baldpate Hill Road" and also subject to "an easement ... [taken by the city of Newton] with right to slope or bank on land adjoining for support of street ...." The defendants are correct in their contention that, as indicated in their counter affidavit, the description in the agreement of the premises to be conveyed — "a certain parcel of land with the buildings thereon, now numbered 177 Baldpate Hill Road in Newton Centre, Mass., bounded and described as follows [without any further description]" — raises material questions of fact as to the extent of the premises intended to be conveyed and whether the description in the agreement covers the land subject to the aforementioned easements. *Schon* v. *Odd Fellows Bldg. Assn.* 255 Mass. 465, 468 (1926). Parol evidence will be admissible to show the intent of the parties. *Mead* v. *Parker,* 115 Mass. 413, 415 (1874). *Danforth* v. *Chandler,* 237 Mass. 518, 522 (1921). See *Imper Realty Corp.* v. *Riss,* 358 Mass. 529, 535 (1970). We make no determination as to the applicability of *Siegel* v. *Shaw,* 337 Mass. 170 (1958).

> *Judgment reversed.*

*Albert R. Mezoff* for the defendants.

*Christopher Dye* for the plaintiff.