THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT L. DURHAM, Defendant-Appellant.

Third District    No. 78-244

Opinion filed August 23, 1979.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial in the Circuit Court of Peoria County, defendant was convicted of burglary and sentenced to seven years in prison.

The evidence presented at trial was sufficient to prove beyond a reasonable doubt that on September 27, 1977, defendant entered the Sigma Nu fraternity house in Peoria with the intent to commit a theft therein. On March 15, 1978, a sentencing hearing was held, at which the court explained to defendant that he could, under section 8—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1008—2—4(b)), elect to be sentenced under either the sentencing law in effect at the time the burglary was committed or the new sentencing law which had become effective on February 1, 1978. The court explained to defendant the potential prison terms, fine, and parole term he could receive under the old law and the potential prison terms available under the new law. The court did not specifically inform defendant of the mandatory supervised release term to which he would be subject under the new sentencing law. Defendant said he had discussed the differences between the two laws with his counsel, that he understood the differences, and that he wished to be sentenced under the new law.

On appeal defendant contends he was denied his constitutional rights to due process and equal protection by the trial court's failure to inform him of the specific sentences it would impose under each law and the court's failure to advise him of the mandatory supervised release term applicable under the new sentencing law. The contention is meritless.

■■ In *People v. Peoples* (1979), 71 Ill. App. 3d 842, 390 N.E.2d 554, we held that a defendant has no constitutional right to elect between the old and new sentencing laws and that a trial court is neither constitutionally nor statutorily required to advise a defendant of the specific sentences it would impose under the alternative sentencing laws. (See also *People v. Wilfong* (1979), 72 Ill. App. 3d 268, 390 N.E.2d 934; *People v. Hunt* (1979), 73 Ill. App. 3d 1034, 392 N.E.2d 793.) *Peoples* is dispositive of defendant's constitutional claims in this case and no further discussion of them is required.

However, in the case at bar, we must also consider whether a trial court is statutorily required under section 8—2—4(b), to advise a defendant, at the time of his election, of the mandatory supervised release term applicable under the new sentencing law. In *Peoples*, we did not reach the question of whether the trial court is statutorily required to explain to a defendant the differences between the sentencing laws, for

we concluded that the court in that case had fully informed the defendant of the differences in and the consequences which would follow from an election under either law. The Fourth District Appellate Court did consider the issue, however, and ruled unequivocally:

> "* * * there is no requirement—statutory, decisional, or by rule—that the election be knowing and intelligent, nor that such election constitutes a waiver of a constitutional right, nor that the sentencing judge must explain the variances between the alternative acts, nor that the trial court admonish him as to what will or might be his best or most advantageous choice, nor that the trial judge must tell him in advance of election what the sentence *will* be under each act." *People v. Dozier* (1979), 67 Ill. App. 3d 611, 385 N.E.2d 155, 158. Accord, *People v. Crutcher* (1979), 72 Ill. App. 3d 239, 390 N.E.2d 571.

We believe the decision in *Dozier* is correct. Although it may be advisable for a trial court to inform a defendant of the differences between the alternative sentencing laws (*Peoples*), nothing in section 8—2—4(b) requires a court to do so. The primary obligation for advising a defendant of the differences between the laws rests with defendant's trial counsel. (*Peoples*.) In the case at bar, defendant said he had discussed the alternative laws with his counsel and that he understood the differences between them. He personally advised the court that he wished to be sentenced under the new law. Defendant does not contend that he was inadequately counseled by his attorney, nor is there anything in the record to indicate he misunderstood the consequences of his decision to be sentenced under the new law. (See *People v. Menke* (1979), 74 Ill. App. 3d 220, 390 N.E.2d 441; *People v. Crutcher* (1979), 72 Ill. App. 3d 239, 390 N.E.2d 571.) We find no error in the trial court's failure to advise defendant of the mandatory supervised release provisions of the new sentencing act.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.