THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BUDDY RICH, Defendant-Appellant.

Third District    No. 78-344

Opinion filed October 26, 1979.

Robert Agostinelli and Charles Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

In this appeal, the defendant, Buddy Rich, challenges the sentencing procedure employed and the sentences imposed after he was found guilty by a jury of two separate offenses involving the delivery of a controlled substance and a third offense, the delivery of a substance represented to be a controlled substance. At the sentencing hearing, the defendant was given an opportunity to elect between being sentenced pursuant to the law in effect prior to February 1, 1978, or being sentenced under the

present sentencing laws. Advising the trial court that he had discussed election with the defendant, the defense counsel stated that the defendant elected to be sentenced under the old law. Following the sentencing hearing, the defendant was sentenced to not less than two nor more than six years imprisonment for the delivery of less than 300 grams of a substance containing phencyclidine (PCP), not less than one nor more than three years imprisonment for the delivery of a substance represented to be PCP, and not less than three nor more than nine years imprisonment for the delivery of less than 300 grams of PCP, these sentences to be served concurrently.

■■ Concerning the sentencing procedure, the defendant claims that he was denied due process and equal protection because, in offering the defendant an election between the old and new sentencing laws, the trial court did not advise the defendant of the potential sentences available and did not inform the defendant of the specific sentences to be imposed in the event he elected the new or old sentencing scheme. This court has already determined that a defendant has no right to choose between specific sentences. (*People v. Peoples* (1979), 71 Ill. App. 3d 842, 390 N.E.2d 554.) Similarly, this court has determined that, where the record establishes that the defendant has discussed the alternatives with his defense counsel, as here, in the absence of a contention of the inadequacy of counsel or some indication in the record that the defendant misunderstood the consequences of his decision, no error will be ascribed to the failure of the trial court to inform the defendant of the range of sentences available under these sentencing laws. (*People v. Hackett* (1979), 77 Ill. App. 3d 877, 396 N.E.2d 820.) The rationale underlying these rulings is that the responsibility of advising the defendant of the alternatives rests primarily with the defense counsel. (*People v. Peoples* (1979), 71 Ill. App. 3d 842, 390 N.E.2d 554.) Since the defendant does not allege incompetency of counsel and since there appears of record no indication that the defendant misunderstood the consequences of his election, we find no error in the action of the trial court.

It is also argued by the defendant that the sentences imposed for the unlawful deliveries of PCP were excessive. PCP is a schedule III controlled substance. (Ill. Rev. Stat. 1977, ch. 56½, par. 1208(d)(10).) As a result, the unlawful delivery of less than 300 grams is defined as a Class 3 felony. (Ill. Rev. Stat. 1977, ch. 56½, par. 1401(d).) For a Class 3 felony, the minimum sentence, under the old law, was set at one year "unless the court, having regard of the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum, which shall not be greater than one-third the maximum term set in that case * * *." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(c)(4).) The maximum

term for a Class 3 felony is any term in excess of one year as long as it does not exceed ten years. Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(b)(4).

As a general rule, as long as the sentence imposed is within the statutory guidelines, a reviewing court, absent a showing of an abuse of discretion, will not disturb the sentence because the trial court is in a better position to make a sound determination of the appropriate punishment. (*People v. Short* (1978), 62 Ill. App. 3d 733, 379 N.E.2d 360.) In the case at bar, the trial court considered the defendant's prior criminal record: two convictions of breaking and entering and larceny, one conviction of breaking and entering and larceny from an automobile, and one conviction of receiving stolen goods, all arising from offenses committed in North Carolina. The trial court also considered the nature and circumstances of the offenses significant, referring to the fact that, although the quantities of PCP and the amounts of cash involved were small, the defendant made these sales to two different agents.

As was stated previously, when a reviewing court is requested to exercise its power to reduce sentences, that power is to be exercised cautiously (*People v. Sweeney* (1977), 46 Ill. App. 3d 858, 361 N.E.2d 344), and the standard for determining whether a reduction is necessary is not merely judicial clemency (*People v. Aristole* (1971), 131 Ill. App. 2d 175, 268 N.E.2d 227), but whether an abuse of discretion is shown from a review of the record. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 822; *People v. Cole* (1974), 23 Ill. App. 3d 620, 321 N.E.2d 71.) The defendant's prior convictions evidence such a disregard for the law as to warrant the inference that the defendant lacks rehabilitation potential. As such, the history of the defendant alone supports the imposition of greater than minimum sentences. We find no abuse of discretion.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.