THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM H. CAMPBELL, Defendant-Appellant.

Third District   No. 78-198

Opinion filed December 10, 1979.

Robert Agostinelli and Gary R. Garretson, both of State Appellate Defender's Office, of Ottawa, for appellant.

William D. Henderson, State's Attorney, of Macomb (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

■■ Defendant, William H. Campbell, appeals from his convictions for aggravated battery and the unlawful use of weapons, having been sentenced to consecutive terms of 3 years for aggravated battery and 364 days for the unlawful use of weapons. It is argued by the defendant that consecutive sentences should not have been imposed since the two offenses arose out of a single course of conduct during which there was no substantial change in the nature of the criminal objective. This is clearly the law (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—4(a)), and the State agrees with the defendant.

The only other issue raised by the defendant is that he was not allowed to make a meaningful election between being sentenced under the law as it existed prior to February 1, 1978, or the law in effect after that date, not only because the trial court failed to inform the defendant of the specific sentences which would be imposed under each of these sentencing schemes, but also because the trial court failed to inform the defendant of the differences in parole eligibility under the respective sentencing formulae.

Even though the defense counsel stated that he had conferred with the defendant concerning the provision of both acts before the defendant was asked to make his election, the trial court explained to the defendant the potential prison terms under the old and new laws, the availability of imposing a fine should either sentencing scheme be elected, the parole term the defendant could receive under the old law, and the mandatory supervised release time to which he would be subject under the new law. However, the trial court did not advise the defendant of the difference between the parole eligibility under the old law and the "day for day" good-time credit under the new law.

■■ This court has already determined that no requirement exists for the trial court to advise the defendant of the specific sentences to be imposed under alternative sentencing laws. (*People v. Peoples* (1979), 71 Ill. App. 3d 842, 390 N.E.2d 554.) Moreover, since the primary obligation of advising a defendant as to the differences between these sentencing laws lies with the defense counsel, if the record establishes that the defendant has discussed the alternatives with his counsel, no error will be ascribed to the failure of the trial court to explain the difference between eligibility

for parole under the law in effect prior to February 1, 1978, and the "day for day" good-time credit under the law in effect subsequent to that date. See *People v. Durham* (1979), 75 Ill. App. 3d 331, 394 N.E.2d 67.

Accordingly, while the judgments of conviction of the Circuit Court of McDonough County are affirmed, the sentences imposed are modified to run concurrently rather than consecutively.

Judgments affirmed, sentences modified.

STENGEL and SCOTT, JJ., concur.