THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY WAYNE BLACKWELL, Defendant-Appellant.

Third District   No. 78-343

Opinion filed January 15, 1980.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

Patrick J. Corcoran, State's Attorney, of Carthage (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Larry Blackwell appeals from a sentence of five years imprisonment imposed by the Circuit Court of Hancock County upon an involuntary manslaughter conviction.

Defendant was charged with arson, murder, and involuntary manslaughter following a fire in his brother's home on December 28, 1977, which resulted in the death of one of his brother's four children. At defendant's jury trial, an arson investigator testified that in his opinion the fire started under the television set in the living room. Two confessions were admitted into evidence. In one statement, defendant said he set a fire under a sewing machine, and in the other, given later the same day, he admitted setting a fire under the television, not under the sewing machine.

Defendant, who was 32 years old, testified in his own defense that he knocked over an ashtray while clowning around with a babysitter and that apparently he failed to clean up all of the hot ashes. He said that the two earlier statements he gave to police were false and were induced by the sheriff's threats and promises. The babysitter testified that she saw no

ashtrays knocked over and that she did not clown around with defendant, and the sheriff denied making any threats or promises.

The jury returned a verdict of guilty of involuntary manslaughter and not guilty of either arson or murder. At the sentencing hearing, defendant was given the opportunity to elect between being sentenced under the law in effect prior to February 1, 1978, and being sentenced pursuant to the sentencing law presently in effect. After indicating that he had discussed the election with his attorney, defendant chose to be sentenced under the present law.

Upon appeal, he claims that he was not allowed to make a meaningful choice because he was not told specifically what sentence would be imposed under each sentencing scheme and because the sentencing judge misinformed him as to the length of the mandatory period of parole following imprisonment under the old law.

■■ We have previously held that a defendant has no right to elect between specific sentences (*People v. Peoples* (1979), 71 Ill. App. 3d 842, 390 N.E.2d 554), and that the primary responsibility for informing a defendant as to the differences between the two sentencing laws lies with defense counsel. (*People v. Hackett* (1979), 77 Ill. App. 3d 877, 396 N.E.2d 820.) Where defendant has consulted with counsel and in the absence of a contention that he was inadequately counseled by his attorney or an indication in the record that he misunderstood the consequences of his decision to be sentenced under the new law, no error will be attributed to the failure of the trial court to advise defendant of the mandatory supervised release provision of the new sentencing act. *People v. Durham* (1979), 75 Ill. App. 3d 331, 394 N.E.2d 67.

■■ According to the record, in making his election based upon the admonitions of the trial court and the conversation with his attorney, defendant neither hesitated nor showed confusion but rather made a straightforward election to be sentenced pursuant to the new law. Since defendant does not contend he was inadequately counseled by his attorney and since the court's misstatement concerned the old law, we must conclude that defendant understood the consequences of his election to be sentenced under the new law. Therefore, reversible error did not occur in the election proceeding.

Defendant also contends that the five-year sentence should be vacated and a new sentencing hearing held because the trial court improperly considered unsubstantiated evidence of other crimes and because the trial court believed defendant had set the fire intentionally in spite of the jury's verdict which found him innocent of the intentional crimes of arson and murder. The presentence report stated that, while defendant was in the Navy for 1½ years, he went AWOL for two weeks and also was disciplined for fighting and for being drunk on board ship.

He was discharged in June of 1967. He had a speeding conviction in 1971 and, because of a "nerve problem," he voluntarily went to an Iowa mental health facility for seven months in 1972. He had been receiving treatment at the Hancock County Mental Health Center from October 1977 until the fire in December 1977, and treatment continued while he was in jail awaiting trial. Also in the record is a statement by defendant admitting that he had set four fires in Iowa in houses where he lived at the time and stating that he feels he needs help.

At the sentencing hearing the Hancock County Sheriff testified about information he had received from investigators and fire marshals of various police and fire departments in Iowa concerning incidents where defendant either reported a fire or was present during the course of a fire. Defense objections to this testimony were overruled.

■ Defendant claims it was error for the trial court to consider such hearsay evidence indicating prior criminal conduct for which defendant was not convicted. It would be error for the State to introduce unsubstantiated evidence indicating other criminal conduct without establishing the accuracy and reliability of such evidence. (*People v. Crews* (1967), 38 Ill. 2d 331, 231 N.E.2d 451; *People v. Kirk* (1978), 62 Ill. App. 3d 49, 378 N.E.2d 795.) However, no such error was involved here where the court had before it defendant's statement corroborating the sheriff's testimony of the Iowa fires.

■ We have carefully considered the transcript of the statement made by the trial court in announcing sentence. The trial judge commented that from the evidence he heard, it would be hard for him to believe that the fire started from an overturned ashtray and that he could not guess how the jury reached its verdict. We recognize that these statements are susceptible to more than one meaning, but we cannot say that these comments are indicative of his rejection of the jury's verdict so as to be error. The court also observed that imprisonment was necessary for the protection of the public and that the seriousness of defendant's conduct warranted a full five year sentence. There is ample evidence in the record to justify the five year term of imprisonment, and under the circumstances we believe the sentence was appropriate and should be affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.