THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DALLAS HAWK, Defendant-Appellant.

Fifth District    No. 79-9

Opinion filed January 23, 1980.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, and Frank Hoffman, law student, for appellant.

William B. Ballard, Jr., State's Attorney, of Jonesboro (Raymond F. Buckley, Jr., and Gary L. Cobe, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mme JUSTICE SPOMER delivered the opinion of the court:

Following a jury trial in the circuit court of Union County, the defendant, Dallas Hawk, was found guilty of two counts of aggravated battery and one count of harassing a witness. He was sentenced to imprisonment for three years on the first count of aggravated battery and to 364 days and a $1,000 fine for harassing a witness. No sentence was imposed on the second count of aggravated battery, and it is from this conviction only that defendant appeals.

The record reveals that the defendant on two occasions warned the victim herein not to testify against him in an unrelated criminal case, threatening physical harm to him and his family if he should do so. Despite the threats, the victim testified. Two days later he met the

defendant by chance at a tavern in Union County. After identifying the complaining witness to friends as the man who testified against him, the defendant followed his victim outside the building and accosted him in the parking area. Defendant struck him in the face three times with his fists, breaking his jaw. The last blow to the face knocked complainant to the ground, and the defendant then kicked him twice in the ribs. There was no significant lapse of time between the hitting and the kicking of the victim.

Count I of the information filed against defendant alleged that he committed aggravated battery in that he, "in committing a battery, in violation of Illinois Revised Statutes, Chapter 38, Section 12—3, without legal justification, intentionally caused great bodily harm to [the complaining witness], in that he struck [the complaining witness] in the face." Count II also alleged aggravated battery, in that defendant, "in committing a battery, in violation of Illinois Revised Statutes, Chapter 38, Section 12—3, without legal justification, intentionally caused great bodily harm to [the complaining witness], in that he kicked [the complaining witness] about the body."

The defendant asserts that he was improperly convicted on the second count of aggravated battery, claiming that both offenses arose from the same physical act. The State argues that the acts of hitting and kicking the complaining witness were separate and divisible, and thus would support two convictions.

The seminal case in this regard is *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273. In that case, the Supreme Court of Illinois recognized the inconsistencies which had arisen as a result of the use of the "independent motivation test" to determine whether or not multiple convictions could be entered. (*People v. Stewart* (1970), 45 Ill. 2d 310, 259 N.E.2d 24.) In *Stewart*, the defendant had been convicted of attempted robbery and aggravated battery resulting from the acts of inflicting serious bodily harm to his victim while simultaneously demanding money. The court reversed the conviction for the lesser offense, aggravated battery, finding nothing in the record to suggest that the acts constituting one offense were independently motivated or separable from the acts constituting the other offense. The court in *King* rejected this test and adopted a "separate and distinct act" test, which permits multiple convictions and concurrent sentences in all cases, other than lesser included offenses, where a defendant has committed several acts, despite the interrelationship of those acts; conversely, multiple counts founded on a single act permit only one conviction. "Act" is intended to mean any overt or outward manifestation which will support a different offense.

Although helpful to our decision, *King* did not specifically discuss the case where, as here, the two offenses charged are themselves the same, brought under the identical section of the Criminal Code, although set forth in separate counts. However, this issue was recently addressed in *People v. Schultz* (1979), 73 Ill. App. 3d 379, 392 N.E.2d 322, where the following factors were found to be significant on this issue, *i.e.*, time interval between acts, location of acts, whether a single victim is involved, and whether the charges fall within the same section of the Criminal Code. Applying these factors to the case at bar, it becomes readily apparent that defendant committed only one offense of aggravated battery. Both charges are enumerated within section 12—4(a) of the Code; the hitting and kicking occurred almost simultaneously, at the same place, against the same victim. Such conduct is clearly indivisible. The acts committed by defendant simply will not support two convictions for aggravated battery.

Accordingly, defendant's conviction on count II for aggravated battery is vacated, and remainder of the judgment of the Circuit Court of Union County is affirmed.

Vacated in part and affirmed in part.

JONES, P. J., and KASSERMAN, J., concur.